**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**DONNA WALKER**, Individually,
and on behalf of herself and other similarly
situated employees,

Plaintiff,

      v.                            No._____

**ADVANCED CALL CENTER**            **FLSA Collective Action**
**TECHNOLOGIES, LLC,**              **JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Donna Walker ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and other similarly situated customer service representatives as a class, files this Collective Action Complaint, averring as follows:

## I. INTRODUCTION

1.    This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought on behalf of Plaintiff Donna Walker, individually, and on behalf of herself and other similarly situated hourly-paid customer service representatives as a class against Advanced Call Center Technologies, LLC ("Defendant") – all of whom were employed by Defendant during the three (3) years preceding the filing of this Complaint. Plaintiff and other similarly situated customer service representatives seek damages for those who have worked for

1

Defendant within the three (3) years preceding the filing of this lawsuit.

2.   The unpaid overtime wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

## II. <u>JURISDICTION AND VENUE</u>

3.   This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant has conducted business in this district and Plaintiff was employed by Defendant to work in this district during at all times material to this action.

## III. <u>PARTIES</u>

5.   Defendant, Advanced Call Center Technologies, LLC, is a Georgia Limited Liability Company with its principal address at 1235 Westlakes Drive, Berwyn, Pennsylvania 19312-2417. Defendant may be served via its registered agent:  CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6.   Plaintiff Donna Walker was employed by Defendant as an hourly-paid customer service representative during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. <u>FACTUAL ALLEGATIONS</u>

7.   Defendant provides call center services to third-party business customers, such as Bank of America, on a nationwide basis. Defendant has recruited and employed hundreds of customer service representatives, such as Plaintiff and those similarly

2

situated, to provide services to customers of Bank of America and other third-party business entities.

8. Defendant has been the "employer" of Plaintiff and other similarly situated hourly-paid employees within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

9. Plaintiff and other similarly situated hourly-paid customer service representatives have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within the three (3) year period preceding the filing of this Collective Action.

10. At all times material, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA with annual revenues in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid customer service representatives also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

11. Plaintiff and those similarly situated worked from their homes as customer service representatives of Defendant and were provided equipment, such as computers, monitors, keyboards, telephones, Kronos timekeeping connections and other systems that were necessary by and through which to perform their duties as customer service representatives.

12. As employees of Defendant, Plaintiff and those similarly situated regularly worked in excess of 40 hours within weekly pay periods during all times material to this action, especially when all unpaid compensable hours are counted, as

3

explained hereinafter. Plaintiff and those similarly situated were paid on a bi-weekly basis.

13.    Plaintiff and those similarly situated were required by Defendant to be available on their respective phones and computers to take incoming calls from customers of third-party clients from the beginning of their shifts until the end of their respective shifts.

14.    If Plaintiff and similarly situated customer service representatives had Defendant's Kronos timekeeping apparatus available, they "clocked-in" to the timekeeping system at the beginning of their respective shift and "clocked-out" of the timekeeping system at the end of their respective shift.

15.    If they did not have access to the Kronos timekeeping apparatus, they called their respective supervisor at the beginning of their respective shift to "clock" them in to Defendant's Kronos timekeeping system and again at the end of their respective shift to "clock" them out of Defendant's Kronos timekeeping system.

16.    However, Defendant "edited-out/shaved" some of the compensable work time of Plaintiff and those similarly situated as well as required them to "clock-out" for part of their compensable work time, amounting to "off-the-clock" compensable time, as noted below.

17.    Plaintiff and those similarly situated were also required to undergo weekly training sessions at the beginning of their employment, which required them to work and train for more than 40 hours per week from their homes.

18.    However, on information and belief, Defendant had a de facto common policy,

4

plan and practice of "editing-out/shaving" a significant amount of compensable time of Plaintiff and those similarly situated during their training period, including the times when their trainers had to break away from the training to service their own incoming calls, but nonetheless required Plaintiff and those similarly situated to stay at their respective computers and be available on their telephones for the respective trainer to continue with the training once his/hers own incoming calls were completed.

19. This de facto common policy, plan and practice of Defendant reduced the compensable work time of Plaintiff and those similarly situated from more than 40 hours of compensable work time within weekly pay periods to far below 40 hours; meaning    they were not paid at least the applicable FLSA overtime compensation rates of for all hours over 40 per week during such respective weeks, during all times material to this action.

20. Once the training was completed, Plaintiff and those similarly situated were required to work in excess of 40 hours per week.

*21.*    Nonetheless, on information and belief, Defendant had a de facto common policy, plan and practice of failing to record all of their compensable work time, amounting to "off-the-clock" time or "editing-out/shaving" compensable time, which reduced their compensable hours far below 40 hours within weekly pay periods during all times material to this action.

22. Such "editing-out/shaving" compensable work times *during* their respective shifts consisted of, *inter alia*:

5

(a) "Editing-out/shaving" or requiring Plaintiff and those similar situated to work "off the clock" for two 10-minute breaks per each of their respective shifts. (Breaks of less than 20 minutes are compensable under the FLSA.)

(b) "Editing-out/shaving" compensable work time when the equipment of Plaintiff and those similarly situated malfunctioned during their respective shifts as well as requiring them to wait at their work stations until the equipment was operable once again.

(c) "Editing-out/shaving" compensable work time when Plaintiff and those similarly situated had "dropped calls" or calls lasting more than a specific number of minutes during their respective shifts.

(d) "Editing-out/shaving" compensable work time when Plaintiff and those similarly situated were in contact with their superiors during their shifts about not having all their equipment by and though which to perform their job duties.

23. Defendant also had a de facto common policy, plan and practice of failing to compensate Plaintiff and those similarly situated for "off the clock" compensable work time they performed *prior* to the beginning of their respective shifts and for "off the clock" work time they performed after the ending of their respective shifts.

24. Plaintiff and those similarly situated performed "off the clock" compensable work time within weekly pay during all times material in the following manner, *inter alia*:

(a) "Off the clock" compensable time spent in communicating with their

superiors before and after their respective shifts regarding the lack of equipment by and through which was necessary to perform their job duties;

(b)　"Off the clock" compensable time spent before the beginning of their respective shifts in opening systems required for receiving calls and logging on to their assigned computers for their scheduled shift before being able to log into their assigned phone, without such time being recorded into Defendant's timekeeping system and, without them being compensated for such " off the clock " work;

(c)　"Off the clock" compensable time spent performing job duties during the time the phone and/or computer assigned to them were malfunctioning and/or inoperative, without such time being recorded into Defendant's timekeeping system and, without them being compensated for such "off the clock" work; and/or

(d)　"Off-the-clock" compensable time spent after the end of their respective shifts performing integral and indispensable closing job duties such as closing out programs, applications and systems required for receiving calls and shutting down their computers at the end of their shifts after being logged out of their assigned phone, without such time being recorded into Defendant's timekeeping system and, without them being compensated for such "off-the-clock" work.

25.　A combination of the unpaid "training" time, "edited-out/shaved" time and "off the clock" time, when added to the compensable time for which Plaintiff and other

7

similarly situated customer service representatives were paid by Defendant, constitute compensable time in excess of 40 hours per week within weekly pay periods during all times material to this lawsuit -- for which weekly overtime hours were not paid by Defendant to them at the applicable FLSA overtime compensation rates of pay.

26.     Defendant was aware it was not compensating Plaintiff and other similarly situated customer service representatives for their aforementioned compensable "training" time, their "edited-out/shaved" compensable time and their "off-the-clock" compensable time -- within weekly pay periods at least at the FLSA applicable overtime compensation rates of pay, during all times material to this action.

27.     Defendant's de facto common plan, policy and practice of not compensating Plaintiff and other similarly situated hourly-paid employees for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

28.     The aforementioned unpaid wage claims of Plaintiff and other similarly situated hourly-paid customer service representatives are unified through common theories of Defendant's FLSA violations.

29.     Defendant's de facto common plan, policy and practice of not compensating Plaintiff and other similarly situated hourly-paid customer service representatives for all their compensable overtime hours within weekly pay periods at the applicable FLSA overtime rates of pay was willful and with reckless disregard to

8

established FLSA requirements.

30. Defendant's common plan, policy and practice of not compensating Plaintiff and other similarly situated hourly-paid customer service representatives for all their compensable overtime hours within weekly pay periods at the applicable FLSA overtime rates of pay was without a good faith basis.

31. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff and other similarly situated hourly-paid customer service representatives in compliance with the overtime compensation requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as other damages.

32. Defendant's de facto common plan, policy, and practice of failing to pay Plaintiff and class members one-and-one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff and other similarly situated hourly-paid customer service representatives.

### V. FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this case as a collective action on behalf herself and other similarly situated hourly-paid customer service representatives pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed to them by Defendant.

34. The proposed collective class of similarly situated persons is defined as:

9

All individuals who worked for and were employed by Defendant as Customer Service Representatives who were not compensated for all their compensable work time at one and-one half times their regular hourly rates of pay for all hours worked in excess of 40 hour per week, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action.[1] ("Class Members")

35. Plaintiff seeks to pursue her unpaid overtime wage claims against Defendant on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid customer service representatives as a class.

36. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one-and-one-half times their regular hourly rates of pay, as required by the FLSA.

37. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping and compensation policies, plans and practices.

38. Plaintiff and class members also are similarly situated in that their aforementioned unpaid overtime claims are unified through common theories of Defendant's FLSA violations.

39. The collective action mechanism is superior to other available methods for a fair

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

40. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members: to pursue their aforementioned unpaid overtime compensation claims against Defendant.

41. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

42. Defendant knew Plaintiff and class members were not compensated for all of their "training" time, "edited-out/shaved" time and "off-the-clock times, all of which said unpaid work were integral and indispensable parts of their job duties and responsibilities.

43. Nonetheless, Defendant operated under a common policy, plan and practice to deprive Plaintiff and class members of such overtime compensation.

44. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA protected rights of Plaintiff and class members, which conduct caused significant damage to them.

45. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material

11

to this action.

46.     Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime.

47.     Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

48.     Plaintiff estimates there are more than 1000 members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and text messaging.

49.     Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

50.     Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

51.     At all times material, Plaintiff and class members have been entitled to the rights,

protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

52.    Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

53.    At all times material, Defendant was an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

54.    Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

55.    Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

56.    As a result of Defendant's de facto common policy, plan and practice of failing to pay Plaintiff and class members for the aforementioned unpaid "training" time, unpaid "edited-out/shaved" time and unpaid "off-the-clock" time (all of which times were integral and indispensable in performing their job duties and responsibilities) at the applicable overtime compensation rates of pay within weekly pay periods during all times material, Defendant has violated the FLSA.

57.    Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such

13

overtime hours worked.

58. Through its actions, policies, plan and practices Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one-and-one-half times their regular hourly rates of pay within weekly pay periods during all times material to this Collective Action Complaint, as required by the FLSA.

59. Defendant's actions were willful with reckless disregard to clearly established FLSA requirements.

60. Defendant's actions were not in good faith.

61. The unpaid overtime wage claims of Plaintiff and the class are unified through common theories of Defendant's FLSA violations.

62. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

63. Defendant is liable to Plaintiff and class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Collective Action Complaint and:

a) Award Plaintiff and class members their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

14

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: August 12, 2021.          Respectfully Submitted,

<u>*s/Gordon E. Jackson*</u>
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
 Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
 *gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***
***AND FOR OTHERS SIMILARLY SITUATED***